# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v | )   **2:11-cr-53** |
| | ) |
| **MICHELLE JIMENEZ,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM ORDER

Pending before the Court is DEFENDANT'S MOTION FOR LEAVE OF COURT TO REVIEW COOPERATING WITNESSES' PRE-SENTENCE INVESTIGATION REPORTS (Document No. 598) filed by Defendant Jimenez, with brief in support.  The government filed a response in opposition; Defendant filed a "sur-reply"; and the motion is ripe for disposition.

Jimenez is named as one of eighteen co-Defendants in a superseding indictment which charges her with conspiracy to distribute heroin and money laundering.  Jimenez believes that the government will call an unspecified number of confidential informants, both indicted and unindicted co-conspirators, to testify against her at trial.  Jimenez asserts that the government has not confirmed the identities of its confidential informants and is unlikely to do so until the eve of trial.  Jimenez further asserts that some of the disclosures regarding confidential informants, such as NCIC "rap sheets," contain incomplete information.  Accordingly, Jimenez , asks the <u>Court </u>to: (1) conduct an in camera review of (unspecified) Presentence Investigation Reports ("PSR"); (2) determine which portions qualify as impeachment material; and (3) order those portions of the PSRs to be produced for disclosure before trial.  The government opposes disclosure of the PSRs, but also represents its willingness to review all such materials and provide exculpatory and/or impeachment materials to the defense if ordered to do so by the Court.

Discovery in a criminal case is far different from that in a civil case. The government's obligation to make available pretrial discovery materials is governed primarily by Rule 16 of the Federal Rules of Criminal Procedure. Outside of Rule 16, the Jencks Act, and *Brady* and its progeny, however, a defendant has no general constitutional right to pretrial discovery. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).

In this motion, Jimenez seeks to evade the time constraints on prosecution disclosure of *Brady* and Jencks material to obtain an earlier and more complete history of confidential informants' backgrounds. Jimenez recognizes that it is the prosecution, not the Court, which has a duty under *Brady* to produce potentially exculpatory evidence. Similarly, the prosecution under certain circumstances has a duty to disclose the identity of a confidential informant who will not testify at trial. *Roviaro v. United States*, 353 U.S. 53 (1957); *United States v. Jiles*, 658 F.2d 194 (3d Cir.1981).[1] The Court does not owe these duties to a defendant.

Nevertheless, Jimenez is asking the Court to determine which PSRs may be relevant; to perform an in camera review; to decide which portions of those PSRs may contain *Brady* material; and to produce such material to Defendant before trial. Jimenez explains that her request encompasses not only co-Defendants charged in this case, but also PSRs "for anyone who testifies for the government, irrespective of whether that individual is part of this case as a co-defendant." Jimenez suggests that such confidential informants may even be in "another federal district." The Court does not know the identities of possible confidential informants with respect to Jimenez, and does not know anything about the evidence against her. Thus, at a fundamental level, the affirmative investigation requested by Jimenez is untenable. It is the prosecution who has the relevant information; owes the duty to disclose it; and should perform

---

[1] The government is not required to divulge the identity of its witnesses in a noncapital case, such as this one. *United States v. Addonizio*, 451 F.2d 49, 62 (3d Cir.1971).

this task.  The proper role of the Court is to adjudicate specific disputes as to whether the

government has fulfilled its obligations.

The timing of Jimenez's request is also problematic.  Statements made by co-conspirators

who will testify at trial are governed by the Jencks Act, 18 U.S.C. § 3500.   Pursuant to the

Jencks Act, such statements need not be provided to the defense until after that witness has

testified on direct examination at trial.  *Id.*  Strict compliance with the Jencks and *Brady* time

limits would likely result in delays at trial.   Accordingly, it has been the practice in this Court

for the prosecution to turn over such information to defense counsel sufficiently in advance of

trial (for example, 14 days) to enable counsel to prepare an effective cross-examination.[2]  No

trial date has been set in this case and there is no basis to require the government to identify its

trial witnesses now.  Thus, Jimenez's motion is premature.

The Court turns now to the substance of Defendant's request for disclosure of the

contents of PSRs.  Jimenez recognizes that disclosure of the PSR is strongly disfavored.   Indeed,

when the Jencks Act was enacted in 1957, Defendants were not even entitled to see their own

PSRs.  *United States v. Moore*, 949 F.2d 68, 71 (2d Cir. 1991).  Pursuant to Local Rule Crim. P.

32(C)(1):

> The PSR is a confidential court document.  No copies or dissemination of the PSR
> shall be made without the express permission or Order of this Court . . . .  The
> unauthorized copying or disclosure of the PSR may be treated as a contempt of
> court and be punished accordingly.

There are important reasons for keeping PSRs confidential.  They contain extremely sensitive

personal information, and the Court urges Defendants to be open and truthful, so that they may

be designated appropriately within the Bureau of Prisons.  Potential disclosures to third parties

---

[2] The government is not required to disclose the statements of non-testifying co-conspirators unless those statements
qualify as *Brady, Giglio*, or Jencks material.  *See United States v. Williams-Davis,* 90 F.3d 490 (D.C. Cir. 1996);
*United States v. Orr*, 825 F.2d 1537 (11th Cir. 1987).

would have a "chilling effect" on Defendants' willingness to provide such information. On the other hand, there may be some circumstances wherein disclosure of a presentence report may be absolutely essential to effective presentation of a defense and therefore required in the interests of justice. *United States v. Cyphers*, 553 F.2d 1064, 1069 (7th Cir. 1977).

In *United States v. Colbert*, 2011 WL 3360112 (W.D. Pa. 2011), Judge Diamond recently denied a similar request for disclosure of the PSRs of cooperating witnesses.[3] Judge Diamond noted that courts are very reluctant to provide access to third parties absent a showing of "special need." *Id*. at * 21. Judge Diamond further explained that a threshold showing – namely, clear specification of the information in the report that defense counsel expects to reveal exculpatory or impeachment evidence -- must be made to justify an in camera review. Judge Diamond concluded that speculation that rap sheets, prior misconduct, role in the offense, drug/alcohol abuse, mental health history and court intervention "*may* contain impeachment material" (emphasis in original) would not suffice. *Id*. at * 22. Thus, Judge Diamond denied the motion, pending the prosecution's disclosure of *Brady* material.

The same reasoning applies here. Jimenez has offered nothing but vague speculation. She has not identified any specific confidential informant; any particular PSR; or any reason to conclude that such PSR contains information that would not otherwise be provided by the government. She merely lists categories of information "that are *potentially* contained within the PSIR." Defendant's Brief at 2 (Emphasis added). Jimenez has fallen short of the specific showing necessary to overcome the strong presumption of non-disclosure of PSRs or to justify an in camera review.

Moreover, an in camera review is not necessary at this time because the government has represented its willingness to comply with its disclosure obligations. In *United States v.*

---

[3] Counsel for Jimenez represented one of the Defendants in *Colbert* , but neglected to cite that case in his brief.

*Solomon*, 2007 WL 927961 at \*6-7 (W.D. Pa. 2007), the Court concluded that early disclosure

and/or an in camera review of PSRs was not necessary, but adopted the following procedure:

> The government has acknowledged that it will disclose all impeachment /
> exculpatory information contained in the requested PSIs. Nonetheless, upon
> disclosure by the government of the redacted PSIs, should the Defendants not be
> satisfied with the information with which they have been provided, they should
> immediately advise the Court and the Court will reconsider its decision not to
> conduct an in camera review. Although Defendants' motion for an in camera
> review of the PSIs will be denied at this time, the government is reminded that it
> has an obligation under *Brady* and its progeny to disclose all impeachment
> evidence in its possession, including any impeachment evidence in any PSI that
> may be in its possession. The Government is permitted to disclose any and all
> exculpatory/impeachment material contained in the PSIs either (1) by extracting
> such information from the PSIs, or (2) disclosing PSIs which have been redacted
> to exclude all non-*Brady* material.

*Id*. at \*6-7. The same procedure will be adopted in this case. The government shall review the

PSRs of all cooperating witnesses. To the extent that impeachment or exculpatory information is

contained therein, the government shall disclose it in the manner set forth above. If Defendant is

dissatisfied with the government's disclosure, she is entitled to seek in camera review at that

time.

In accordance with the foregoing, DEFENDANT'S MOTION FOR LEAVE OF COURT

TO REVIEW COOPERATING WITNESSES' PRE-SENTENCE INVESTIGATION REPORTS

(Document No. 598) is **DENIED WITHOUT PREJUDICE**.

SO ORDERED this 7th day of May, 2012.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

Cc:     Gregory Nescott, AUSA
        Mark Sindler, Esquire

5